# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS RIVAS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-19-CV-75-XR |
| LJUS CONCEPTS, LLC, and BRIAN SCHOEMAN, | § § § § | |
| *Defendants*. | § § | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On this date, the Court considered Plaintiff's Motion for Default Judgment against Defendants Ljus Concepts, LLC, and Brian Schoeman (docket no. 10). After careful consideration, the Court GRANTS Plaintiff's motion.

### Background

On January 29, 2019, Plaintiff Louis Rivas brought this claim against Defendants Ljus Concepts, LLC, and Brian Schoeman for unpaid wage compensation under the Fair Labor Standards Act ("FLSA"). Docket no. 1.

Ljus Concepts, a San Antonio design services company of which Schoeman is managing member, allegedly employed Plaintiff from September 2017 to January 21, 2018 as a printer. *Id.* at 2. Plaintiff was paid $25 per hour. He alleges he worked 50 hours per week but was not paid overtime; thus, he seeks 104.50 hours of unpaid overtime. *Id.* at 4. This amounts

1

to $3,918.75 in damages. *Id.* Plaintiff also seeks an equal amount in liquidated damages. *Id.* Finally, Plaintiff also seeks attorney's fees associated with this action. *Id.*

Plaintiff alleges Defendants were aware of his work and determined and controlled his pay and work schedule. *Id.* He alleges Schoeman actively ran Ljus Concepts and substantially controlled the terms and conditions of Plaintiff's work. *Id.* He alleges Schoeman was his employer as defined in the FLSA. *Id.*

On April 11, 2019, Plaintiff filed returns of service indicating Defendants were served. Docket no. 6. Defendants did not answer or otherwise respond, so on May 3 the Court ordered Plaintiff to move for entry of default and default judgment. Docket no. 7. Plaintiff moved for entry of default, docket no. 8, which the Clerk entered, docket no. 9. Now before the Court is Plaintiff's motion for default judgment against both Defendants. Docket no. 10.

## Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. The Court examines each in turn.

## Analysis

### I. Jurisdiction

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The Court has jurisdiction over this FLSA claim pursuant to its federal-question jurisdiction. *See* 28 U.S.C. § 1331. Further, the Court has personal jurisdiction because Defendants are a Texas limited liability company doing business within this district and the managing member of that LLC. Finally, on this record it appears Defendants were properly served. Ljus Concepts was served through Schoeman, its authorized agent, and Schoeman was served personally. Docket no. 6; *see also* FED. R. CIV. P. 4(e).

**II. Liability**

Next the Court considers whether the well-pleaded allegations in Plaintiff's complaint establish liability if deemed admitted. When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). While such allegations are presumed to be true, "a defendant's default does not in itself warrant the court in entering a default judgment. [Rather, t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In other words, the court must determine whether the well-pleaded facts state a claim upon which relief may be granted. In sum, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action[,] and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (applying Texas law).

Plaintiff's sole cause of action is for unpaid overtime wages under the FLSA. The FLSA requires employers to pay overtime compensation to "employees who work more than forty hours during a workweek unless such employees are [exempt]." *Bondy v. City of Dallas*, 77 Fed. Appx. 731, 732 (5th Cir. 2003). Overtime compensation must be at "a rate not less than one and one-half times the regular rate at which [plaintiff] is employed." 29 U.S.C. § 207(a)(1). "To succeed on an FLSA claim, a plaintiff must show that: (1) plaintiff was employed by defendant(s); (2) in plaintiff's work for the defendant(s), plaintiff was engaged in 'an enterprise covered by the FLSA'; and (3) defendant failed to pay plaintiff overtime pay for all hours worked in excess of forty hours for one or more work week." *Hayes v. Primavera Primary Home Care, Inc.*, No. SA-16-CV-575-XR, 2017 WL 564115, at *2 (W.D. Tex. Feb. 10, 2017) (citing *Oroczo v. Plackis*, 757 F.3d 445, 447 (5th Cir. 2014)).

Here, Plaintiff has pled sufficient facts to make out his FLSA claim. He alleges he was employed by Defendants for a covered enterprise, and he alleges Defendants did not pay required overtime. Docket no. 1. The Court finds Defendants, in their default, have not met their burden to show Plaintiff is an exempt worker. *See* 5 C.F.R. § 551.202(a) (indicating there is a presumption that every employee is nonexempt under FLSA unless the employee meets the criteria for an exemption); *see also* 5 C.F.R. § 551.202(c) ("The burden of proof rests with the agency that asserts the exemption."). Thus, accepting all facts as true due to the default, Plaintiff has stated a plausible claim for relief under the FLSA.

### III. Damages

Plaintiff seeks a sum certain and thus the damages can be determined without a hearing. In addition, Plaintiff seeks the same amount and kinds of damages sought in the

complaint. When a court awards damages to a plaintiff in a default judgment case, the amount "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

Here, Plaintiff seeks $3,918.75 in unpaid overtime and an additional equal amount in liquidated damages under 29 U.S.C. § 216(b). Plaintiff's declaration adequately details the unpaid overtime hours on a week-to-week basis, docket no. 10-1, and the Court will award damages in the requested amount. Further, "because Defendant has defaulted and has not met his burden of showing good faith and reasonableness in violating the FLSA, liquidated damages are also appropriate." *Gauna*, 2016 WL 8856915, at *3.

### IV. Attorney's Fees

Finally, Plaintiff seeks attorney's fees. Plaintiff is entitled to fees under FLSA. *See* 29 U.S.C. § 216(b). Plaintiff submitted a declaration of counsel Charles Scalise in support of his request for attorney's fees and costs. Docket no. 10-2. This declaration and the attached billing record enumerate the charges and the expenses incurred in detail. The Court has reviewed the billing record and found it to be well-documented and the charges to be reasonable. Accordingly, Plaintiff is awarded $1,892.50 in attorney's fees and $585.00 in expenses.

### Conclusion

Accordingly, Plaintiff's Motion for Default Judgment (docket no. 10) is GRANTED. Judgment shall issue separately according to Rule 58.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

SIGNED this 3rd day of June, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE